# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JOHN D. EVANS,

          Appellant,

      v.

DEPARTMENT OF THE AIR FORCE,

          Agency.

DOCKET NUMBER
DA-1221-13-0422-W-1

DATE: September 2, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>John D. Evans</u>, Normal, Illinois, pro se.

<u>Charles R. Vaith</u>, Esquire, Randolph Air Force Base, Texas, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which denied his request for corrective action in connection with his individual right of action (IRA) appeal. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

¶2      The appellant, formerly a GS-13 Educational Services Officer, filed an IRA appeal, submitting a closure letter from the Office of Special Counsel (OSC). Initial Appeal File (IAF), Tab 1.  In the letter, OSC stated that it had terminated its inquiry into the appellant's complaint in which he alleged that the agency retaliated against him for reporting violations of agency regulations by issuing him an unwarranted Letter of Reprimand, failing to promote him, changing his work duties, promoting another employee (R.G.) over him through a settlement agreement, and subjecting him to disparate procedures when he made work-related requests.  *Id.* at 4.  The appellant declined a hearing.  *Id.* at 2.

¶3      In response to the administrative judge's jurisdictional order, IAF, Tab 4, the appellant described his disclosure as involving Air Force Instruction (AFI) 36-2605, which deals with the Air Force Military Personnel Testing System, IAF, Tab 6, and he claimed that he disclosed that the agency had appointed certain employees to perform Weighted Airman Promotion System testing without appropriate security clearances, as required by AFI 36-2605, resulting in security violations, *id.* at 3.  He indicated, and provided evidence to show, that he

disclosed this matter to various agency officials and other individuals, including Senator Kay Bailey Hutchison, beginning in October 2009 and continuing through August 2012. *Id.* at 1-2, 29-30. The appellant alleged that, in retaliation for his disclosure, the agency improperly promoted R.G. over him in June 2011, and forced him and his staff to participate in an external manpower study for excessive overtime use and that, after he resigned on July 27, 2012, agency officials misinformed the Texas Workforce Commission (TWC) that he quit his job because he felt he was a victim of harassment, resulting in his being denied unemployment benefits. *Id.* at 4, 59. The appellant stated that he filed his complaint with OSC on November 13, 2012. *Id.* at 6.

¶4        The agency moved that the appeal be dismissed for lack of jurisdiction on the basis that the appellant had filed an earlier IRA appeal involving the same protected disclosure and that the administrative judge in that case had denied the appellant's request for corrective action. IAF, Tab 7; *see Evans v. Department of the Air Force*, MSPB Docket No. DA-1221-12-0240-W-1, Initial Decision (June 22, 2012).[2] The administrative judge advised the appellant that she planned to dismiss his current appeal on the basis of res judicata unless he showed that his most recent OSC complaint involved allegations of retaliation for whistleblowing that were not previously adjudicated. IAF, Tab 9; *see Peartree v. U.S. Postal Service*, 66 M.S.P.R. 332, 337 (1995). In response, the appellant submitted a number of emails he sent to OSC concerning the security violations, IAF, Tab 10 at 8-12, 13-17, the agency's promotion of R.G. over him, *id.* at 32-33, the alleged misinformation provided to the TWC, *id.* at 43-44, and the external manpower study of excessive use of overtime in which he alleged he was forced to participate, IAF, Tab 11 at 4-6.

¶5        The administrative judge ruled that the personnel actions addressed in the appellant's earlier IRA appeal were barred by res judicata. IAF, Tab 12. She

_____

[2] That decision became the Board's final decision on July 27, 2012, when neither party filed a petition for review.

found that the matter of the agency's allegedly providing incorrect information to the TWC, resulting in the appellant's being denied unemployment compensation, was not a personnel action because it did not involve a decision made by the agency. The administrative judge ordered the appellant to submit further information concerning his failure to be promoted, the agency's promoting R.G. over him, the change of his work duties, his being subjected to disparate procedures when making work-related requests, and his being forced to participate in an external manpower study of excessive overtime use. *Id.* The appellant made several further submissions. IAF, Tabs 13, 15.

¶6 Thereafter, the administrative judge determined that the issue to be resolved was whether the agency retaliated against the appellant by promoting R.G. to a position over him because he disclosed to various people on various occasions that agency officials were violating AFI 36-2605 by allowing individuals without the proper security clearance to conduct certain testing and failing to disclose this violation.[3] IAF, Tab 16.

¶7 In her initial decision based on the written record, the administrative judge denied the appellant's request for corrective action. IAF, Tab 21, Initial Decision (ID) at 1, 15. After repeating her earlier rulings,[4] ID at 6-9, the administrative

---

[3] The administrative judge noted that the appellant had earlier indicated that he was not, in fact, claiming that he was denied a promotion in retaliation for protected whistleblowing. The administrative judge confirmed her earlier ruling concerning the issues barred by res judicata, and she found that, although the appellant raised before OSC issues regarding the change of his work duties, his being subjected to disparate procedures when making work-related requests, and his being forced to participate in an external manpower study on excessive overtime use, he failed to show that he provided OSC with a sufficient basis to pursue an investigation which might lead to corrective action regarding those claims and that therefore the Board lacked jurisdiction over them. IAF, Tab 16.

[4] The administrative judge acknowledged that the basis for the denial of corrective action in the appellant's earlier IRA appeal, that his disclosures were made in the normal performance of his duties and were therefore not protected, was an interpretation of the Whistleblower Protection Act which has since been abrogated by the Whistleblower Protection Enhancement Act. *See Day v. Department of Homeland Security*, 119 M.S.P.R. 589, ¶ 18 (2013). The administrative judge found, however, that

judge found that the appellant did establish the Board's jurisdiction over his claim that R.G. was given a promotion over him in retaliation for his whistleblowing. The administrative judge found that the appellant's disclosure regarding the agency's violation of AFI 36-2605 was protected and that it was a contributing factor in the agency's promoting R.G. over him because agency officials were aware of the appellant's disclosure before the agency entered into a settlement agreement with R.G., which had the effect of making her the appellant's supervisor. ID at 9-10. The administrative judge found, however, that the agency showed by clear and convincing evidence that it would have placed R.G. in that position, even absent the appellant's protected disclosure. ID at 10-15.

¶8 The appellant has filed a petition for review, Petition for Review (PFR) File, Tab 1, the agency has filed a response, PFR File, Tab 5, and the appellant has submitted a reply thereto.[5] PFR File, Tab 7.

¶9 An employee or a former employee like the appellant may seek corrective action under the Whistleblower Protection Act concerning any "personnel action" taken or proposed to be taken against him as a result of a prohibited personnel practice described in 5 U.S.C. § 2302(b)(8). 5 U.S.C. § 1221(a); *Mattil v. Department of State*, 118 M.S.P.R. 662, ¶ 14 (2012). In an IRA appeal, after establishing the Board's jurisdiction, the appellant must then establish a prima

the res judicata consequences of the earlier initial, and now final, decision are unaffected by the subsequent change in the law. ID at 7 n.1; *see Federated Department Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981).

[5] With his reply, the appellant has submitted evidence which he asks the Board to consider. PFR File, Tab 7. A copy of the appellant's residential lease is not material to the dispositive issues in his appeal. *See Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980). A copy of a February 3, 2011 letter from the appellant to Senator Hutchison is part of the record below, IAF, Tab 10 at 6, and therefore is not new evidence, *see Meier v. Department of the Interior*, 3 M.S.P.R. 247, 256 (1980). And, a copy of the agency's April 4, 2011 reply to that letter is also not new evidence because the appellant has not shown that it was unavailable before the record was closed despite his due diligence. *See Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980).

facie case of whistleblower retaliation by proving by preponderant evidence that he made a protected disclosure that was a contributing factor in a personnel action taken against him. *Mattil*, 118 M.S.P.R. 662, ¶ 11.

¶10    As noted, the administrative judge found that the appellant made a protected disclosure regarding AFI 36-2605 and that the disclosure was a contributing factor in the agency's promoting R.G. into a position supervising him. ID at 9-10. On review, the appellant argues that the administrative judge failed to consider considerable evidence he submitted showing that the agency did not comply with AFI 36-2605 and that various agency officials falsely stated in their affidavits that they did not violate any security regulations and/or were unaware of any violations. PFR File, Tab 1 at 1-3. In assessing whether disclosures are protected, however, an appellant is not required to prove that the alleged misconduct actually occurred. The test for protected status is not the truth of the matter disclosed but whether it was reasonable believed. *Shannon v. Department of Veterans Affairs*, 121 M.S.P.R. 221, ¶ 28 (2014); *see Special Counsel v. Spears*, 75 M.S.P.R. 639, 654 (1997). In finding that the appellant's disclosure was protected, the administrative judge necessarily found that a disinterested observer with knowledge of the essential facts known to and readily ascertainable by the appellant could reasonably conclude that, by allowing individuals without the proper security clearance to conduct certain testing, the agency violated AFI 36-2605 and that this evidenced a violation of law, rule, or regulation. *See Shibuya v. Department of Agriculture*, 119 M.S.P.R. 537, ¶ 27 (2013). The appellant was not required to prove, and the administrative judge was not required to find, an actual violation.

¶11    The administrative judge then addressed whether the agency proved by clear and convincing evidence that it would have promoted R.G. to a position over the appellant, even absent his protected disclosures. ID at 10-15; *see Shibuya*, 119 M.S.P.R. 537, ¶ 32. In this regard, she first considered whether the agency had a legitimate reason for its action. She found that, in 2010, R.G. successfully

challenged the agency's action reducing her in grade by means of reduction in force, that the Board found that she was entitled to bump into the appellant's position, IAF, Tab 19, Agency Exhibit (Ex.) 5 (*R.G. v. Department of the Air Force*, MSPB Docket No. DA-0351-11-0033-I-1, Initial Decision (Feb. 17, 2011)), and that the agency thereafter settled her compliance appeal by placing her in the vacant position of Force Development Flight Chief, GS-12, IAF, Tab 19, Agency Ex. 4, a position to which the appellant, although a GS-13, reported, IAF, Tab 19, Agency Ex. 3. ID at 10-14. The administrative judge relied on the sworn declaration of Lieutenant Colonel E.B., Squadron Commander, who signed the settlement agreement in R.G.'s case on behalf of the agency, in which he stated that his decision to agree to her placement to avoid any further liability or judgments against the agency was based on the advice of his servicing legal and civilian personnel office. IAF, Tab 19, Agency Ex. 2. E.B. stated, moreover, that he did not consider the impact R.G.'s placement would have on the appellant or his disclosure regarding AFI 36-2605. *Id.* Further finding that, according to an organizational chart, the prior Flight Chief was also a GS-12 and also the appellant's supervisor, and notwithstanding his claim that the agency's action was improper, the administrative judge concluded that the agency showed by clear and convincing evidence that it had legitimate reasons to enter into the settlement agreement with R.G. making her a GS-12 Flight Chief. ID at 12-14.

¶12 The administrative judge next considered whether agency officials involved in the decision were motivated to retaliate against the appellant. She considered E.B.'s sworn declaration that he did not consider the appellant's disclosures regarding AFI 36-2605 when he entered into the agreement resolving R.G.'s appeal because that matter was addressed prior to his taking over the Command and resolved soon thereafter. ID at 13; IAF, Tab 19, Agency Ex. 2. She found that a specific email from E.B. did not show a motive to retaliate, but rather that, on its face, it showed only E.B.'s acknowledgement of the investigation into the

testing issue and his assertion that he and his Command would "stand by to support whatever the investigation needs." *See* ID at 14; IAF, Tab 20 at 9. The appellant argues on review that E.B. lied in his declaration because the investigation took place after he became Commander. PFR File, Tab 1 at 5. The appellant also claims that the administrative judge failed to consider an affidavit he submitted from a coworker, which, he alleges, shows clear evidence of retaliation. *Id.* In the affidavit, J.J., Guidance Counselor, states that the appellant resigned his position because agency officials violated Program Action Directive 07-11, which governs the authority and responsibility of work sections and personnel as directed by the agency. IAF, Tab 10 at 50-51. J.J. states that the appellant notified various officials of the violations but that he was undermined in his efforts. *Id.* Beyond his own statement, the appellant has failed to show how either E.B.'s declaration and email, or J.J.'s affidavit, evidences retaliation against him for his disclosure regarding AFI 36-2605. The administrative judge's failure to mention all of the evidence of record does not mean that she did not consider it in reaching her decision. *See Marques v. Department of Health & Human Services*, 22 M.S.P.R. 129, 132 (1984), *aff'd*, 776 F.2d 1062 (Fed. Cir. 1985) (Table). In any event, the appellant has not shown that the administrative judge's failure to consider J.J.'s affidavit was prejudicial to his rights. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984).

¶13    Finally, the administrative judge found that neither party submitted any evidence that the agency took similar actions against any other employees. ID at 14. The appellant has not challenged this statement and we find no basis to disturb it.

¶14    Having considered all the pertinent evidence in the record, the administrative judge concluded that the agency showed by clear and convincing evidence that it would have placed R.G. in the position it did, even if the appellant had not engaged in whistleblowing. ID at 14-15; *see Whitmore v. Department of Labor*, 680 F.3d 1353, 1368 (Fed. Cir. 2012); *Carr v. Social*

*Security Administration*, [185 F.3d 1318](), 1323 (Fed. Cir. 1999).  Based on the appellant's arguments on review, we discern no reason to reweigh the evidence or substitute our assessment of the record for that of the administrative judge.[6]  *See Crosby v. U.S. Postal Service*, [74 M.S.P.R. 98](), 105-06 (1997).

## NOTICE TO THE APPELLANT
## REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* [5 U.S.C. § 7703](b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, [931 F.2d 1544]() (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under [5 U.S.C. § 2302](b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the United States Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.  The court of appeals must receive your petition for review within 60 days after the

---

[6] The appellant argues on review that the agency retaliated against him by not changing his supervisors in July 2010, November 2010, and June 2011.  PFR File, Tab 1 at 7.  This alleged personnel action was not included among the issues to be adjudicated in this appeal as set forth in the administrative judge's August 15, 2013 summary of her rulings during the close of the record conference.  IAF, Tab 16.  In that summary, the administrative judge advised the parties that any objections to her summary must be received by August 27, 2013.  *Id.*  The appellant responded but did not raise an issue regarding the agency's alleged failure to change his supervisors.  IAF, Tab 18.  His failure to object to the administrative judge's ruling below precludes his doing so on petition for review.  *See Tarpley v. U.S. Postal Service*, [37 M.S.P.R. 579](), 581 (1988).

date of this order.  *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  You may choose to request review of the Board's decision in the United States Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both.  Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information about the United States Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Merit Systems Protection Board

neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                 William D. Spencer
                                 Clerk of the Board

Washington, D.C.